**IT IS SO ORDERED.**

**Dated:  6 July, 2026 03:27 PM**

Suzana Krstevski Koch
**Suzana Krstevski Koch**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case 26-10890 |
| | ) | |
| DERRICK C. WHITE-CHILDS, | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |
| | ) | |

**ORDER SUSTAINING OBJECTION AND FINDING JUDICIAL IMMUNITY**
**ECF NO. 32**

This cause is before the Court on the Debtor's Motion for Sanctions and Order to Show

Cause (the "Motion") (ECF No. 28) and Magistrate Gina Lunsford's Response in Opposition to

the Motion (the "Response") (ECF No. 32).  While the Debtor's Motion has not been heard, the

Response raises the issue of judicial immunity.  The Court issued an Order extending the

deadline for Stover Management Corp and Stover Partners #4 L.P. to file a response to July 9,

2026.  *See* ECF No. 36.  For the reasons that follow, the Response is well taken, and it is

sustained.

## JURISDICTION

The Court has jurisdiction over the Debtor's underlying Chapter 13 case and this contested matter pursuant to 28 U.S.C. § 1334(b) and Local General Order 2012-07 of the United States District Court for the Northern District of Ohio. An action to determine whether violations of the automatic stay have occurred is a core proceeding that this court may hear and determine under 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

On January 10, 2023, co-plaintiffs and judgment lienholders Stover Management Corporation and Stover Partners #4, L.P. (together, the "Creditor") filed a complaint for foreclosure in the Cuyahoga County Court of Common Pleas (the "State Court") as to real property located at 9007 Miles Park Avenue in Cleveland, Ohio (the "Real Property"). The foreclosure case was given case number CV 23 973594 (the "State Court Case") and assigned to State Court Judge Maureen Clancy (the "State Court Judge") and Magistrate Gina Lunsford (the "State Court Magistrate").

The Debtor (Derrick C. White-Childs) did not own the Real Property when the State Court Case was filed. A copy of the Final Judicial Report attached to the Response shows that the owner of the Real Property at the time the State Court Case was filed was DSC Group, LLC. Response at 37. The Debtor alleges he is the owner and occupant of the Real Property in his Motion. Motion at 1. The Final Judicial Report shows the Real Property was transferred on February 20, 2023, after the State Court Case was filed, by quit claim deed from DSC Group, LLC to Derrick S. Childs. Response at 37. The transfer was recorded on February 22, 2023.

For purposes of this Order, the Court makes no findings as to this transfer as none are required to sustain the Response.

On March 3, 2026, the Debtor filed his petition for relief pursuant to Chapter 13 of Title 11 of the United States Code and filed a notice of his bankruptcy in the State Court Case (the "Bankruptcy Notice").

The State Court Magistrate struck the Bankruptcy Notice from the State Court Case on April 17, 2026, and the foreclosure sale of the Real Property was confirmed on May 27, 2026. On June 18, 2026, the Debtor filed his Motion alleging, in part, that the State Court Magistrate actions in the State Court Case violated the automatic stay and that she should be found in contempt of court and be ordered to pay actual damages including attorney's fees and punitive damages. Motion at 3.

**Automatic Stay**

Under the Bankruptcy Code, the filing of a bankruptcy petition automatically halts efforts to collect prepetition debts from the bankrupt debtor outside the bankruptcy forum. 11 U.S.C. § 362(a). The automatic stay serves to "maintai[n] the status quo and preven[t] dismemberment of the estate" during the pendency of the bankruptcy case. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 42 (2020) (citing 1 Collier ¶1.05[1], 1-19; 3 *id.*, ¶362.03, 362-23) (alternation in original). The "automatic stay is a self-executing provision of the Bankruptcy Code and begins to operate nationwide, without notice, once a debtor files a petition for relief." *In re Swindle*, 584 B.R. 259, 264 (Bankr. N.D. Ill. 2018); *see also Andrews Univ. v. Merchant (In re Merchant)*, 958 F.2d 738, 741 (6th Cir. 1992) (explaining that the stay "automatically takes effect when a petition is filed in bankruptcy"). Among other things, the stay bars commencement or

3

continuation of lawsuits to recover from the debtor, enforcement of liens or judgments against the debtor, and exercise of control over the debtor's property. 11 U.S.C. § 362(a).

Section 362(k)(1) provides that a debtor who is injured by a willful violation of the automatic stay is entitled to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

### Magistrates in Ohio

In Ohio, "magistrate" includes county court judges, police justices, mayors of municipal corporation, and judges of other courts inferior to the court of common pleas. Ohio Rev. Code Ann. § 2931.01 (West).

"A court of record may . . . refer a particular case or matter or a category of cases or matters to a magistrate by a specific or general order of reference or by rule." Ohio Civ. R. 53(D)(1)(a). "In Ohio, Courts of Common Pleas have broad general jurisdiction over almost all types of civil cases and, further, have certain inherent powers related to the exercise of such jurisdiction." *Stern v. Mascio*, 262 F.3d 600, 607-08 (6th Cir. 2001) (citations omitted). In Cuyahoga County, Ohio, it is procedural policy that "[a]ll cases concerning foreclosure, quiet title and partition are heard by the Court's magistrates." *Magistrates*, Cuyahoga Ct. Common Pleas https://cp.cuyahogacounty.gov/departments/magistrates/ (last visited July 1, 2026). In this case, it appears from the State Court docket, as identically attached to each of the Motion and the Response, that the State Court Judge referred the State Court Case to the State Court Magistrate without limitation. Ohio Civ. R. 53(D)(1)(b).

### Judicial Immunity

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

4

Judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[L]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Barnes*, 105 F.3d 1111, 1115 (6th Cir. 1997) (collecting cases). Judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). A judge performing judicial functions is absolutely immune from suit seeking monetary relief, even if the judge acts erroneously, maliciously, or in excess of her authority. *Mireles*, 502 U.S. at 9-10; *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Nyamusevya v. Ohio*, No. 2:24-cv-4216, 2025 U.S. Dist. LEXIS 177953, at *12 (S.D. Ohio Sep. 11, 2025) (citing *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (finding an Ohio state court judge was entitled to judicial immunity for a decision in a foreclosure case wherein the homeowner alleged misconduct occurred)).

Judicial officers, including magistrates, are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *See Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (applying judicial immunity in case brought against magistrate judge); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) ("The doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'") (quoting *Antoine v. Byers & Anderson*, 508 U.S. 429, 325 (1993)); *Petway v. Dailey*, No. 5:25-cv-2002, 2026 U.S. Dist. LEXIS 108869, at *6 (N.D. Ohio May 18, 2026) (finding state court magistrate is entitled to judicial immunity); *Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D. Mich. 1998), *aff'd*, 178

F.3d 1294 (6th Cir. 1999) (table) ("[Judicial] immunity extends to officials performing discretionary acts of a judicial nature, including magistrates . . . ."); *Bey v. Common Pleas Court of Montgomery Cty. Juv. Div.*, No. 3:24-cv-00219, 2025 U.S. Dist. LEXIS 221179, at *11-12 (S.D. Ohio Nov. 10, 2025) (finding a magistrate in the juvenile division of an Ohio court of common pleas is a judicial officer entitled to judicial immunity).

Even though a magistrate in Ohio has jurisdiction by reference, and thus has limited jurisdiction, a magistrate in Ohio remains entitled to absolute immunity for her judicial acts unless she acts in the clear absence of all jurisdiction. *See Barnes*, 105 F.3d at 1122 ("Although the municipal court is a court of limited, rather than general, jurisdiction, we have held that even 'judges of courts of limited jurisdiction are entitled to absolute immunity for their judicial acts unless they act in the clear absence of all jurisdiction.'") (quoting *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985), *cert. denied*, 474 U.S. 971, 106 S.Ct. 351, 88 L.Ed.2d 320 (1985)).

Judicial immunity is overcome in only two circumstances: (1) when the judge acts in a non-judicial capacity or (2) when the judge acts in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Farrier v. Leicht*, No. 20-3528, 2020 U.S. App. LEXIS 37100, at *6 (6th Cir. Nov. 24, 2020). Neither exception applies in the instant case.

Judicial Immunity: Acting in a non-judicial capacity

First, as to when a judge acts in a non-judicial capacity, in examining the functions normally performed by a judge, the Sixth Circuit Court of Appeals has recognized that "paradigmatic judicial acts," or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir.1997) (citing *Antoine*, 508 U.S. at 435-36). Conversely, whenever an action taken by a judge is not an adjudication between the parties, it is

6

less likely that it will be deemed judicial. *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir.1994); *Brookings*, 389 F.3d at 617-18.

To determine whether a particular act was undertaken in a judicial capacity, courts look to the "nature" and "function" of the act. *Mireles*, 502 U.S. at 13 (citation omitted). In particular, courts look to (1) "whether the act is a function normally performed by a judge" and (2) "whether the parties dealt with the judge in his judicial capacity." *Barnes*, 105 F.3d at 1116 (citation and quotation marks omitted). Here, by striking the Notice, the State Court Magistrate was managing her docket, and by confirming the foreclosure sale, the State Court Magistrate was issuing an order. "Issuing orders and managing the docket of court proceedings are the primary functions of a judge." *Victor v. Dosson*, No. 11-CV-13103, 2011 U.S. Dist. LEXIS 146137, at *10 (E.D. Mich. Sep. 21, 2011). The State Court Magistrate's acts were functions normally performed by a judge, and neither action was taken outside her judicial capacity.

<u>Judicial Immunity: Acting in the complete absence of all jurisdiction</u>

Second, as to when a judge acts in the complete absence of all jurisdiction, the Supreme Court has held that the term "jurisdiction" is to be broadly construed to effectuate the purposes of judicial immunity. *Stump*, 435 U.S. at 356. Acts done "in the clear absence of all jurisdiction" for which no immunity is afforded, should be distinguished from those actions in "excess of jurisdiction" which fall within the ambit of immunity protection. *Barnes,* 105 F.3d at 1122 (citing *Stump*, 435 U.S. at 357 n. 7); s*ee also Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016) ("[The judge]'s failure to hold a hearing may have been in excess of jurisdiction, but was not in complete absence of it."). Rather, "a judge acts in the clear absence of all jurisdiction 'only when the matter upon which he acts is clearly outside the subject matter of the court over

7

which he presides.'" *Brookings*, 389 F.3d at 623 (quoting *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997)).

The State Court Magistrate did not act in the clear absence of all jurisdiction, nor did she act in excess of her authority. With respect to her decision to strike the Bankruptcy Notice, state courts and bankruptcy courts have concurrent jurisdiction to determine the applicability of the automatic stay. *In re Patriot Coal Corp.*, No. 12-51502-659, 2014 Bankr. LEXIS 2525, at *8 (Bankr. E.D. Mo. Feb. 10, 2014) (citing *Vasile v. Dean Witter Reynolds, Inc.*, 20 F.Supp.2d 465, 499 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000)); see also this Court's order in *In re PCS & Build LLC* (Case No. 24-11126, ECF No. 125).[1]

Moreover, state court judicial officers are generally immune from suits arising out of the performance of their judicial functions when those functions may intersect with the automatic stay. *In re Betts*, 165 B.R. 233, 241 (Bankr. N.D. Ill. 1994) ("Judge White is cloaked with absolute judicial immunity for acts done in performance of his duties" [for actions allegedly taken in violation of the automatic stay]); *see also Johnson v. Horry Cnty. (In re Anderson)*, 642 B.R. 257, 260 (Bankr. D.S.C. 2022) (finding a state court magistrate in South Carolina is a judicial officer and entitled to judicial immunity for allegations that the magistrate violated the automatic stay); *In re Jocelyn*, 574 B.R. 771, 773 (Bankr. M.D. Fla. 2017) (denying a motion for contempt filed against a state court judge due to action taken by the judge allegedly in violation of the automatic stay in a foreclosure case); *In re Mayo*, No. 23-20311(AMN), 2025 Bankr.

---

[1] "The bankruptcy court from which the automatic stay originated nonetheless has the final say." *In re Mid-City Parking, Inc.*, 332 B.R. 798, 804 (Bankr. N.D. Ill. 2005); *JJW Metal Corp. v. Municipio Autonomo de Carolina (In re JJW Metal Corp.)*, Nos. 20-04536 (EAG), 22-00030, 2024 Bankr. LEXIS 1450, at *24-25 (Bankr. D.P.R. June 20, 2024). "[C]ollateral challenges to a state court's automatic-stay determination are not forbidden . . . because the bankruptcy court is viewed as enforcing its own injunction pursuant to the Supremacy Clause rather than conducting unauthorized appellate review of a state court order." *In re Mid-City Parking, Inc.*, 332 B.R. at 805. "[W]hen faced with a collateral challenge to a state court determination that the stay does not apply, the bankruptcy court having jurisdiction over a bankruptcy case in which the stay arises must adjudicate the question anew." *In re Angelo*, 480 B.R. 70, 83 (Bankr. D. Mass. 2012).

LEXIS 801, at *15 (Bankr. D. Conn. Mar. 31, 2025) (denying a debtor's request for sanctions against a state court judge allegedly in violation of the automatic stay in a foreclosure case).

Nor did the State Court Magistrate act in clear absence of all jurisdiction or in excess of her authority when she signed the foreclosure sale confirmation order. She had jurisdiction to enter the foreclosure sale confirmation order pursuant to Ohio statute, the Ohio Rules of Civil Procedure, and the specific order of reference entered by the State Court Judge in the State Court Case.

The State Court Magistrate is entitled to judicial immunity, and the Debtor fails to set forth circumstances that would overcome the State Court Magistrate's immunity from an action alleging she violated the automatic stay. Alternatively, as this Court has previously held, "this Court sees no reason to include the state court judicial officers as defendants when the parties to the state court proceedings are already defendants to the pending adversary proceeding." *In re Moore*, No. 08-11498, 2009 WL 1616019, at *7 (Bankr. N.D. Ohio Mar. 20, 2009) (J. Harris) (dismissing claims against state court judicial officers as moot because they are not necessary parties to an action to declare various state court orders allegedly issued in violation of the automatic stay to be void ab initio).

**CONCLUSION**

The State Court Magistrate is entitled to judicial immunity, having taken actions in her judicial capacity and not acting without jurisdiction. As judicial immunity may be defeated only by a showing that the judge's actions were not judicial in nature or that they were done in the absence of all arguable jurisdiction, and Debtor has not set forth circumstances that would overcome the State Court Magistrate's immunity, the Response is sustained and the Debtor's

Motion is denied, in part, consistent with this Order.  Except as expressly determined by this Order, the Court makes no other findings of fact or conclusions of law related to the Motion.

**IT IS SO ORDERED.**